UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| EARNISE PAM and SASHA BOYD, | ) | |
| Special Co-Administrators of the Estate of | ) | |
| Rodriquez D'Aundre Pam, | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:22-cv-00172-SEB-MPB |
| | ) | |
| CITY OF EVANVILLE, INDIANA; | ) | |
| EVANSVILLE POLICE DEPARTMENT; | ) | |
| BILLY BOLIN, in his capacity as Chief of | ) | |
| Police of the Evansville Police Department; | ) | |
| JOHN MCQUAY, in his individual capacity | ) | |
| And as an Evansville police officer; and | ) | |
| CORY OFFERMAN, in his individual | ) | |
| Capacity and as an Evansville police officer | ) | |
| Defendants | ) | |

**BRIEF IN SUPPORT OF DEFENDANT'S**
**<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

The Evansville Police Department ("EPD") is not a proper party to this action as it lacks the legal capacity to sue or be sued. No provision of the Indiana code allows the EPD to be sued. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 296 (7th Cir. 2011) (holding that the Indiana statutory scheme did not grant municipal police departments the capacity to sue or be sued). Moreover, police departments are departments within existing municipal corporations and are not separate, suable entities. *See Best v. City of Portland*, 554 F.3d 698, 698 n.* (7th Cir. 2009) (citing *Chan v. Woodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997)), and *W. by & Through Norris v. Waymire*, 114 F.3d 646 (7th Cir. 1997) ("The naming of the Town's Police Department as a defendant adds nothing; it is almost certainly not a suable entity separate from the Town")).

The district courts of Indiana have consistently held that the EPD and other police departments are not suable. *English v. Hill*, No. 3:04-cv-0208-JDT-WGH, 2006 U.S. Dist.

1

LEXIS 62029, at *9 (S.D. Ind. Aug. 30, 2006) (dismissing EPD as a defendant because EPD is a department of the City of Evansville and not a separate, suable entity.); *Smith v. Evansville Police Dep't*, No. 3:18-cv-00019-SEB-MPB, 2018 U.S. Dist. LEXIS 23209, at *2 (S.D. Ind. Feb. 13, 2018) (dismissing all claims against the Evansville Police Department, stating that "[i]n Indiana, municipal police departments and jails are not suable entities."); See also, *Martin v. Fort Wayne Police Dep't*, 2010 U.S. Dist. LEXIS 124481, 7-9 (N.D. Ind. Nov. 23, 2010) ("the district court properly concluded that the McCordsville Police Department and the Fortville Police Department are not suable entities" as "under Indiana law, that the Fort Wayne Police Department has no separate legal existence apart from the City of Fort Wayne").

  For the foregoing reasons, Plaintiffs' claims for relief against the EPD fail as a matter of law and the EPD is entitled to judgment on the pleadings, thus dismissing it from the within cause of action.

Respectfully submitted,

*/s/ Keith W. Vonderahe*
Keith W. Vonderahe, 21908-82
Matthew S. Koressel, 35276-49
ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP
P. O. Box 916
Evansville, Indiana   47706-0916
Phone: (812) 424-7575
Fax: (812) 421-5089
E-mail:  kvonderahe@zsws.com
   mkoressel@zsws.com
Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

      I certify that on February 28, 2023, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Mark E. Miller, Esq.
mmiller@indianalawonline.com

                                    */s/ Keith W. Vonderahe*
                                    Keith W. Vonderahe